### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**BEVERLY A. BORNE**                                              **CIVIL ACTION**

**VERSUS**                                                                 **NO. 10-2104**

**RIVER PARISHES HOSPITAL**                               **SECTION  "J" (3)**

### ORDER

On February 23, 2011, defendant's Motion to Dismiss [Doc. #11] came on for oral hearing before the undersigned.  Present were Peggy Robinson on behalf of plaintiff and Mark Peters on behalf of defendant.  Following the oral hearing, the Court took the motion under advisement and ordered that the parties file supplemental memoranda, should they wish to do so, within five and ten days of the hearing.  Both parties filed supplemental memoranda.  Having reviewed the motion, the opposition, the supplemental memoranda, the case law and the parties' oral argument, the Court rules as follows.

### I.      Background

Plaintiff worked for defendant River Parishes Hospital ("defendant").  Plaintiff alleges that she "was treated differently, not promoted, harassed in the work place when attempting to redress racially different treatment for herself and other African American Employees similarly situated, and denied access to employment corrective remedies, and terminated from her employment because of her race by defendant/s [sic]." [Doc. #1 at p. 2].

Specifically, plaintiff alleges that defendant Mary Trant placed a white employee, Betty Collier, in the business office who did not "know the job" and who plaintiff was forced to train. When Collier went on vacation, plaintiff assumed Collier's position with no training, which adversely affected plaintiff's ability to properly serve defendant's patients.  Plaintiff alleges that when transferring or reassigning employees, Trant always ensured that white employees were properly trained but not the black employees.   Plaintiff alleges that Mary Trant, Katherine Trepagnier, Tim Matney and others conspired together and threatened, both implicitly and explicitly, plaintiff's job and her job security.

Plaintiff alleges that after 15 years of employment, defendant never promoted her even though it continuously hired white employees with no background who had to be trained.  Plaintiff alleges that Trant, Trepagnier and Lisa Hodges threatened her after she refused to write a statement to support a white employee after the white employee had an argument with a black employee. Plaintiff contends that the individual defendants attempted to force her to attend an anger management class following her complaints of racial discrimination.

Plaintiff alleges that defendant took no action with regard to her complaints of racial discrimination.  Plaintiff contends that she attended a meeting where Matney threatened to fire each black employee.  Plaintiff alleges that her physical and mental conditions deteriorated as a direct result of the threats.  Plaintiff sues defendants River Parishes Hospital, Mary Trant, Katherine Trepagnier and Tim Matney for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*  Plaintiff has served only defendant River Parishes Hospital.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on April 27, 2010.  Plaintiff filed this suit on July 27, 2010.

2

The Court issued summons on defendant on January 11, 2011.  [Doc. #6].  Three days later, on

January 14, 2011, summons was returned executed.  [Doc. #8].

## II.      The Parties' Contentions

### A.      Defendant

Defendant notes that plaintiff had 90 days to file suit after receiving her right-to-sue letter

from the EEOC.  Fifth Circuit law provides that when the date of receipt is unknown, there is a

presumption that plaintiff received the right-to-sue letter seven days after mailing.  Plaintiff

allegedly received the letter seven days after April 27, 2010.  Plaintiff filed suit on July 27, 2010,

91 days after the mailing of the right-to-sue letter.  Defendant notes that plaintiff then had six days

remaining under the statue of limitations.

When plaintiff filed suit, the statute of limitations was tolled to allow plaintiff to serve

defendant within 120 days.  Citing case law, defendant contends that once the 120-day period to

serve runs, the statute of limitations begins to run again.  Defendant notes that plaintiff failed to

serve (or even request service on) defendant during the 120-day period.  The 120-day period ended

on November 24, 2010.  Defendant argues that plaintiff's claim prescribed six days later, on

November 30, 2010.  Plaintiff did not request service on defendant until January 11, 2011.

Defendant recognizes that the Fifth Circuit has not had the opportunity to address the running of the

statute of limitations under these factual circumstances but points out that it has affirmed the

dismissal of Title VII complaints when plaintiffs have failed to timely serve defendants.

Defendant also asks the Court to dismiss plaintiff's claims for insufficient process and

insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and (5).  Defendant

first notes that process was insufficient because it was untimely, and plaintiff shows no good cause

for an extension.  Defendant argues that the docket reflects a "clear record of delay" on plaintiff's part.  Defendant notes that plaintiff failed to appear at this Court's first call docket and only requested service on defendant the day before the Court's third call docket.  Defendant contends that the delay was in the control of plaintiff.  It did not evade service.  Defendant also notes that process is insufficient because the summons was addressed to River Parish Hospital, L.L.C. and not River Parishes Hospital, L.L.C.[1]

**B.     Plaintiff**

Plaintiff argues that she received the right-to-sue letter on May 7, 2010 and thus, her complaint need not have been filed until August 5, 2010.  Plaintiff argues that the Court issued an order on July 28, 2010 that precluded service and summons because counsel for plaintiff was suspended and had not paid a fee to practice in this district.  Plaintiff argues that the order continued until the Court held a hearing and counsel for plaintiff appeared and demonstrated that "the attorney matters had been resolved."  Plaintiff contends that the Court then allowed her extra time in which to effectuate service.

Plaintiff contends that her delay in service may have meant that she was actively seeking the financial means to pursue the lawsuit.  Plaintiff argues that the Court clearly "interjected" itself to ensure that the lawsuit not continue for reasons unrelated to the lawsuit itself.  Plaintiff also contends that no new period began to run and thus, the statute of limitations could not expire.

**III.    Law and Analysis**

---

[1] Defendant also seeks dismissal of plaintiff's age-discrimination claim because plaintiff did not present it to the EEOC in her Charge of Discrimination and includes no facts in her complaint to support such a claim.  Plaintiff also contends that her age-discrimination claim is squarely before the Court because during discovery, plaintiff will demonstrate that she presented facts to the EEOC to support such a claim.  Because the Court resolves this motion on an alternate ground, the Court does not address this argument.

### A.      Legal Standard

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).  Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

The Court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion.  *See Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994). Any reference to EEOC documents, therefore, does not convert the 12(b)(6) motion into a motion for summary judgment.  *See Chadwick v. Layrisson*, No. 98-3518, 1999 WL 717628, *2 (E.D. La. Sept.13, 1999).

### B.      Defendant's Motion to Dismiss

Plaintiffs in employment discrimination actions must exhaust administrative remedies before they file suit in federal court.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  Exhaustion occurs when a plaintiff files a timely charge with the EEOC and thereafter receives a right-to-sue letter.  *See id.* at 379.  Claimants have 90 days after receipt of the right-to-sue letter within which to file suit in state or federal court.  *See* 42 U.S.C. § 2000e-5(f)(1); *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982).  This 90-day limitation period is strictly

5

construed.  *See Taylor*, 296 F.3d at 379 (citing *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986);  *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)). Federal courts in this circuit have consistently dismissed Title VII claims when the plaintiff did not file suit within the 90-day limitation period.  *See Butler v. Orleans Parish School Bd.*, No. Civ. A. 00-0845, 2001 WL 1135616, at *2 (E.D. La. Sept.25, 2001) (dismissing plaintiff's complaint when the plaintiff filed 91 days after she received her right-to-sue letter).

While plaintiff contends that she did not receive the right-to-sue letter dated April 27, 2010 until May 7, 2010, there is no evidence of this in the record, and the Court presumes that she received it seven days after mailing (Tuesday, May 4, 2010).  *Taylor*, 296 F.3d at 379.  Plaintiff filed her lawsuit on July 27, 2010, 84 days after the date on which she received the right-to-sue letter. Considering the seven-day presumption of receipt, that left plaintiff with 13 days left under the applicable 90-day filing period.

Once plaintiff filed suit, she had 120 days within which to serve defendant. Fed. R. Civ. P. 4(m).  That 120 days tolled the statute of limitations and ended on November 24, 2010.  Once that date passed, the statute of limitations began to run anew.  *See Franca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990) ("The 120 days runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period.  If service is not complete by the end of the 120 days, however, the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period."); *Amnay v. Del Labs.*, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) (same); *Hughes v. Wellpoint*, No. 4:05-CV-1832, 2006 WL 1663000, *1 (E.D. Mo. June 8, 2006) (same); *Cooper v. Phoenix Health Sys., Inc.*, No. Civ. 03-2582, 2004 WL 943905, *1 (D. Md. Mar. 15, 2004).  Plaintiff's claims thus expired on

December 7, 2010.  Plaintiff did not serve defendant until January 11, 2011, 35 days after the 120

period had expired.  Thus, plaintiff's claims are prescribed.

At oral argument and in her supplemental memorandum, plaintiff relied heavily on the

argument that the Court did not issue summons on defendant on July 27, 2010 because counsel for

plaintiff had not paid the fee to practice in this district.  The Court takes judicial notice of the docket

entry in which the docket clerk noted that counsel for plaintiff was "suspended," that counsel had

not provided summons, and that the Court would not prepare the summons.[2]  Counsel for plaintiff

referred to this docket entry as an order from this Court not to issue summons because she was

suspended until paying the filing fee.  But this docket entry is not an order of this Court that

precluded service and summons on defendant, and the Clerk of Court does not withhold summons

simply because a counsel for a plaintiff is suspended from practicing in this Court on an

administrative technicality.  In short, this docket entry did not preclude counsel for plaintiff from

requesting service on defendant.  Indeed, counsel – and not the Court – is responsible for the service

and summons.  *See* Fed. R. Civ. P. 4(b).  That counsel erred here is not good cause to extend the

120-day deadline.  *Gartin v. Par Pharm. Cos.*, 289 Fed. Appx. 688, 693 (5th Cir.  2008) ("This is

a classic case of "mistake of counsel" or "ignorance of the rules," which does not suffice to establish

good cause under Rule 4(m).").

The Court recognizes that it may equitably toll the 90-day limitation period.  *See Espinoza*,

754 F.2d at 1251.  The Court finds, however, that equitable tolling does not apply here.  Plaintiff has

made no showing that the period should be equitably tolled.  Plaintiff has not demonstrated that she

---

[2]     The docket entry is tagged "(Court only)," and the Court notes that plaintiff never should
have seen it.

was misled by the Court, by the EEOC, or by defendant, or that she took any action within the 120-day period to serve defendant. *See id.* The United States Supreme Court and the Fifth Circuit have explicitly held that negligence on the part of counsel is insufficient to apply equitable tolling. *See Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010) (discussing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89 (1990)).

Indeed, the Court notes that neither plaintiff nor her counsel even appeared at the first call docket.  In all, the Court had to schedule three call dockets in this lawsuit for plaintiff to show cause why the suit should not have been dismissed for failure to prosecute.   Plaintiff has cited this Court to no authority – and this Court has found none – to support the argument that this Court's passing of the call docket somehow tolled the 120-day period for service.  When the Court passed the two call dockets, it had before it no motion to dismiss and no argument that plaintiff's claims had prescribed given that the 120-day period had run.  That issue is now squarely before the Court, and the Court can not ignore it.

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss [Doc. #11] is GRANTED.

New Orleans, Louisiana, this 18th day of March, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

8