UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEVERLY A. BORNE                                    CIVIL ACTION

VERSUS                                              NO. 10-2104

RIVER PARISHES HOSPITAL                             SECTION "J" (3)

## ORDER

Before the Court are the Motion for Relief from Judgment Rule 60(B)(1)(3)(4)(6) and Motion to Proffer Affidavit (Evidence) [Doc. #32] and the Motion to Proffer Affidavits in Opposition to Defendant's Motion to Dismiss and to Correct the Record to Show the Court that the Judgment Rendered and Signed on April 18, 2011 is Null and Void as a Matter of Law [Doc. #40]. For the following reasons, the Court denies the motions.

### I.    Background

Plaintiff worked for defendant River Parishes Hospital ("defendant"). Plaintiff alleges that she "was treated differently, not promoted, harassed in the work place when attempting to redress racially different treatment for herself and other African American Employees similarly situated, and denied access to employment corrective remedies, and terminated from her employment because of her race by defendant/s [sic]." [Doc. #1 at p. 2].

Specifically, plaintiff alleges that defendant Mary Trant placed a white employee, Betty Collier, in the business office who did not "know the job" and who plaintiff was forced to train.

When Collier went on vacation, plaintiff assumed Collier's position with no training, which adversely affected plaintiff's ability to properly serve defendant's patients. Plaintiff alleges that when transferring or reassigning employees, Trant always ensured that white employees were properly trained but not the black employees. Plaintiff alleges that Mary Trant, Katherine Trepagnier, Tim Matney and others conspired together and threatened, both implicitly and explicitly, plaintiff's job and her job security.

Plaintiff alleges that after 15 years of employment, defendant never promoted her even though it continuously hired white employees with no background who had to be trained. Plaintiff alleges that Trant, Trepagnier and Lisa Hodges threatened her after she refused to write a statement to support a white employee after the white employee had an argument with a black employee. Plaintiff contends that the individual defendants attempted to force her to attend an anger management class following her complaints of racial discrimination.

Plaintiff alleges that defendant took no action with regard to her complaints of racial discrimination. Plaintiff contends that she attended a meeting where Matney threatened to fire each black employee. Plaintiff alleges that her physical and mental conditions deteriorated as a direct result of the threats. Plaintiff sues defendants River Parishes Hospital, Mary Trant, Katherine Trepagnier and Tim Matney for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* Plaintiff has served only defendant River Parishes Hospital.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on April 27, 2010. Plaintiff filed this suit on July 27, 2010. The Court issued summons on defendant on January 11, 2011. [Doc. #6]. Three days later, on January 14, 2011, summons was returned executed. [Doc. #8].

On March 18, 2011, this Court granted defendant's Motion to Dismiss on the ground that plaintiff's claim had prescribed. [Doc. #25]. Plaintiff now seeks relief from that order.

**II.    Law and Analysis**

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985). However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending on when the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075–76 n.14 (5th Cir. 1994) (en banc). A motion for reconsideration is analyzed under Rule 59(e) if it is served within 28 days of the court's ruling; otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id.* Here, plaintiff filed her motion more than one year after the Court's Order dated March 18, 2011, and the motion is thus properly considered under Rule 60.

Rule 60(b) states that upon motion and just terms, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of six enumerated reasons. Fed. R. Civ. P. 60(b). Rule 60(c)(1) states that a motion under Rule 60(b) "must be made within a reasonable time" and that motions under Rule 60(b)(1), (2) and (3) must be filed no more than one year after the entry of the judgment, order, or date of the proceeding. Fed. R. Civ. P. 60(c)(1). Because the Court rendered judgment on March 21, 2011, and plaintiff failed to file the motion here until April 30, 2012, any relief that plaintiff seeks under Rule 60(b)(1) and (b)(3) is precluded as untimely.

The burden of establishing at least one of the six factors in Rule 60(b) rests with the moving

3

party. *Lavespere*, 910 F.2d at 173–74. Further, the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).

Because plaintiff's motion was untimely as to Rule 60(b)(1) and (b)(3), plaintiff may seek relief only under Rule 60(b)(4) and/or (b)(6). Rule 60(b)(4) provides that the Court may order relief from judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). Rule 60(b)(6) additionally provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). However, relief will be granted only if "extraordinary circumstances" are present. *Id.* Further, Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 1987).

With respect to relief under subsections (b)(4) and (b)(6), the Court finds that "extraordinary circumstances" do not justify an award of relief. All of the factual and legal arguments raised by plaintiff in her two motions here were considered and rejected by the Court when it granted defendant's motion to dismiss. Neither the facts nor the law has changed since the Court rendered judgment on March 21, 2011. Motions to reconsider serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Payton v. Hartford*, Civ. A. No. 910-1015, 2011 WL5403190, at *3 (E.D. La. Nov. 8, 2011). The purpose of a motion to reconsider is not to allow a party to rehash old arguments or advance theories that could have been presented earlier. *Id.*

4

Plaintiff contends that the Court failed to inform her of the progress of her lawsuit. But plaintiff has cited the Court to no case law – and this Court has found none – that would support the argument that it is this Court's duty to keep a plaintiff apprised of the progress of her lawsuit. Indeed, plaintiff here is represented by counsel, and even pro se litigants are not exempt from compliance with the relevant rules of procedural and substantive law. *Yazdchi v. Am. Honda Fin. Corp.*, 217 Fed. Appx. 299, 304 (5th Cir. 2007) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir.1991)).

**III.  Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Relief from Judgment Rule 60(B)(1)(3)(4)(6) and Motion to Proffer Affidavit (Evidence) [Doc. #32] and the Motion to Proffer Affidavits in Opposition to Defendant's Motion to Dismiss and to Correct the Record to Show the Court that the Judgment Rendered and Signed on April 18, 2011 is Null and Void as a Matter of Law [Doc. #40] are DENIED.

New Orleans, Louisiana, this 14th day of June, 2012.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**